**IT IS ORDERED as set forth below:**

**Date: September 30, 2026**

**Sage M. Sigler**
**U.S. Bankruptcy Court Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **IN RE:**<br><br>**STEPHANIE RENEE MYERS,**<br><br>Debtor. | CASE NUMBER:<br>25-62049<br><br>CHAPTER 7 |
| **STEPHANIE RENEE MYERS,**<br><br>Plaintiff.<br>v.<br><br>**PLUMERIA ACCORD HOLDINGS, LLC and SONYA F ALLEN, in her official capacity as District Attorney for Cobb County, Georgia,**<br><br>Defendants. | ADVERSARY PROCEEDING:<br>26-05030 |

**ORDER DENYING MOTION TO DISMISS**

This case arises out of a series of events that ultimately led to the arrest of Plaintiff Stephanie Renee Myers ("Myers") the evening before Thanksgiving in November 2025. Myers was a debtor in bankruptcy at the time of the arrest and therefore shielded from most collection activity by the automatic stay. Myers asserts that Plumeria Accord Holdings, LLC ("Plumeria") violated the automatic stay by failing to prevent Myers' arrest and seeks to recover damages. *See*

Doc. 1, (the "Complaint"). Plumeria filed a *Motion to Dismiss* ("Motion to Dismiss," Doc. 4) Myers' Complaint and supporting memorandum of law (Doc. 5). Myers filed a response in opposition to the Motion to Dismiss (Doc. 6). Plumeria filed a supplemental memorandum of law (Doc. 7) in further support of its Motion to Dismiss, to which Myers responded (Doc. 8). For the reasons set forth below, the Court will deny the Motion to Dismiss.

## I. Background

Plumeria initiated a civil state court case against Myers and her childcare business in the State Court of Cobb County (the "State Court") in January 2025 (the "State Court Action"). Compl. ¶ 5. After the State Court entered judgment in favor of Plumeria, Plumeria sought post judgment discovery. On October 2, 2025, the State Court's Honorable Maria B. Golick ("Judge Golick") entered an order in the State Court Action granting Plumeria's motion for contempt for alleged failure to answer post-judgment discovery and issued an arrest warrant. Compl. ¶ 7. On October 13 and 14, 2025, before Myers filed a voluntary bankruptcy petition, Myers filed several emergency motions to set aside the arrest warrant. Compl. ¶ 8.

On October 16, 2025 (the "Petition Date"), Myers filed a chapter 7 petition. Compl. ¶ 9. The same day, Myers' counsel contacted Matthew Schuh ("Schuh"), Plumeria's counsel in the State Court Action, to notify Plumeria of the bankruptcy filing and resulting automatic stay. Compl. ¶ 11. A few days later, on October 22, Myers' counsel sent Schuh another text message about the bankruptcy filing. Compl. ¶ 13. The message's status showed as "read", but Myers' counsel received no response. *Id*. On October 27, Myers' counsel filed a suggestion of bankruptcy in the State Court Action, which counsel served on Plumeria. Compl. ¶ 14. At no point did Plumeria seek stay relief from this Court to continue pursuing the warrant nor did Schuh respond in any way to Myers' counsel's notifications. Compl. ¶ 39.

On November 25, 2025, Myers was arrested at her residence, with both her children and children she was caring for present. Compl. ¶¶ 15, 17. Myers' teenage daughter notified Myers' counsel of the arrest at 1:52 p.m. Compl. ¶ 18. At 2:03 p.m., Myers' counsel notified Schuh via phone call, text, and email that Myers had been arrested and demanded that immediate action be taken to facilitate her release. Compl. ¶¶ 19-20. Around 2:25 p.m., Schuh emailed the desk sergeant of the Cobb County Sheriff's Office and received an automated response confirming receipt of the message. Compl. ¶ 21. At 3:48 p.m., Myers was allowed to call her counsel. Compl. ¶ 23. At 3:56 p.m., Myers' counsel contacted the State Court of Cobb County's Clerk office for emergency assistance. Compl. ¶ 25. Myers' counsel was directed to contact numerous court personnel and left various messages with the parties. Compl. ¶ 27. At 4:17 p.m., Myers' counsel spoke with State Court staff who contacted Judge Golick. Compl. ¶¶ 30, 31. Judge Golick advised Myers' counsel to upload an order for Myers' release before 5:00 p.m., which counsel did. Compl. ¶¶ 32-34. At 5:18 p.m., Judge Golick spoke with Myers' counsel saying that the order had been signed and transmitted to Cobb County Sheriff's office. Compl. ¶ 35. Myers was released at 8:50 p.m. that evening. Compl. ¶ 37. At no point did Schuh or Plumeria take affirmative steps to stop the arrest or take any other actions, besides sending the previously mentioned email, to remedy the situation once notified of the arrest. Comp. ¶ 38.

## II. Legal Standards

Plumeria alleges that Myers fails to state a claim upon which relief can be granted under Fed. R. Civ. P. ("Rule") 12(b)(6), made applicable here by Fed. R. of Bankr. P. 7012. "The Rule 12(b)(6) threshold is a low one, and factual allegations must be accepted as true, even if disputed." *Booker v. Mills (In re Booker)*, Nos. 24-52404-PWB, 24-5077-PWB, 2025 WL 615264, at *2 (Bankr. N.D. Ga. Feb. 24, 2025). A complaint must only allege a claim with facial plausibility.

*See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

## III. Analysis

Myers argues that Plumeria's inaction to halt her arrest violated the stay and seeks damages under 11 U.S.C. § 362(k). Plumeria asserts that Myers' Complaint fails to state a claim for relief for three reasons. First, because Plumeria had no duty to act to halt the prepetition contempt order, and second, even if Plumeria had a duty to act, it would have been redundant because Myers took action to notify the state court of her bankruptcy case. Third, regardless of its duties, Myers' arrest was on a contempt order and falls under the 11 U.S.C. § 362(b)(4) exception to the automatic stay.

The automatic stay is a foundational principle of bankruptcy. The filing of Myers' bankruptcy on the Petition Date created a bankruptcy estate and, barring certain exceptions, triggered a stay of all collection activity. *See* 11 U.S.C. §§ 301, 362, 541. This stay shields Myers and property of her bankruptcy estate from collection activity until it is terminated. 11 U.S.C. § 362(c). Plumeria did not seek or obtain relief from this Court modifying the stay to pursue relief in the State Court Action, and the stay did not otherwise terminate by operation of law prior to Myers' arrest on November 25. Thus, the stay was in effect when Myers was arrested. But whether Plumeria violated the stay by inaction in the face of Myers' bankruptcy is a more complicated question.

### A. Inaction may violate the automatic stay

Bankruptcy courts have held that "[a] creditor has an affirmative duty to take steps to vacate any judgments signed and entered after the filing of a bankruptcy petition in violation of the automatic stay." *In re Braught*, 307 B.R. 399, 403 (Bankr. S.D.N.Y. 2004). Conduct constituting

a stay violation is not always an affirmative act and "omissions can qualify as 'acts' in certain contexts." *City of Chicago v. Fulton*, 592 U.S. 154, 158 (2021); *see also In re Connor*, 641 B.R. 875, 883 (Bankr. M.D. Tenn. 2022) (*Fulton* "left undisturbed a line of cases holding that other subsections of § 362(a) include an affirmative duty to act such that a failure to act would be considered a violation of the automatic stay.")

In the context of prohibited postpetition collection activity, courts examine the creditor's actions leading to the activity. For example, the court in *Buchanan v. First Family Financial Services* held that despite continuing post-petition wage garnishment, the creditor had done everything within its power to stop the collection, including repeatedly communicating with garnishee and instructing it to cease deductions. 273 B.R. 749, 751 (Bankr. M.D. Ga. 2002). Here, Plumeria failed to respond or react to Myers' multiple requests to prevent execution on the warrant until after the arrest occurred.

In *Braught*, the debtor filed for bankruptcy on April 22, 2003, listing debtor's county of residence as a creditor due to an ongoing tax foreclosure case. *Braught*, 307 B. R. at 402. The county moved for summary judgment prepetition, but prevailed and was awarded possession of the subject property postpetition on April 28, 2003, with the automatic stay in place. *Id.* at 402. The county alleged that this did not violate the stay because its motion was brought prepetition and it took no steps to enforce its judgment. *Id.* The bankruptcy court, however, held that the county did violate the automatic stay and was liable for actual damages and attorney fees. *Id.* at 404.

Courts in this district have also determined that inaction can be a sufficient basis for a violation of the automatic stay. In *Moncada*, a creditor failed to halt the state court from issuing a default judgment and did not seek to vacate the default judgment after receiving notice that the

judgment was entered in violation of the stay. *In re Moncada*, No. 16-21407-JRS, 2016 WL 7187620, at *2 (Bankr. N.D. Ga. Dec. 9, 2016) (J. Sacca). The creditor asserted that its obligations were satisfied by sending a letter to the state court judge claiming it would not enforce its judgment. *Id*. Judge Sacca disagreed, determining that "restoring the pre-violation status quo requires vacating the default judgment." *Id.* The creditor's letter was insufficient and "[creditor] was required to notify the state court that no judgment should be entered against [debtor], or at the very least, file the necessary pleadings to vacate the judgment against [debtor]." *Id.* Additionally, Judge Sacca found that the creditor had "knowledge of the bankruptcy filing and yet [creditor] still failed to affirmatively restore the pre-violation status quo." *Moncada*, 2016 WL at *3. Consequently, the creditor was held to be in violation of the stay and the debtor was awarded attorney fee damages. *Id.*

Here, only Myers—not Plumeria—filed documents in the state court in an attempt to prevent enforcement of the contempt order and warrant, including filing motions to set aside and stay the contempt order prepetition and a suggestion of bankruptcy postpetition. As Myers took these actions, Myers' counsel notified Plumeria of the same, but Plumeria took no action to stop the active warrant from being executed. Plumeria alleges it was not its duty to ensure that a warrant was not executed. However, as demonstrated in *Braught*, Plumeria may have had an affirmative duty to act. And unlike the creditor in *Buchanan* that took several steps to attempt to stop the garnishment, Plumeria did not act until after the arrest had already happened.

Like *Moncada* where the creditor had an obligation to respond to the notice of bankruptcy and take steps to comply with the automatic stay, Plumeria may have had a comparable obligation to contact the state court to halt the arrest warrant. In *Moncada*, the creditor sent a letter to the state court, but even that proved insufficient under those facts. Here, Plumeria, took no action at all

prior to Myers' arrest. Based on the facts as alleged, it is plausible that Plumeria's inaction constitutes a stay violation in this context.

Plumeria argues that any action it could have taken would have been duplicative since Myers had already filed a suggestion of bankruptcy with the state court. But whether any action might have been duplicative is not relevant to this Motion to Dismiss as Myers has alleged facts sufficient to state a claim for relief.

**B. Police Power Exception**

Plumeria asserts that it cannot be held liable for violating the stay because the police power exception applies. Section 362(b)(4) excepts from the automatic stay:

> the commencement or continuation of an action or proceeding by a governmental unit or any organization exercising authority...to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organizations police or regulatory power.

11 U.S.C. § 362(b)(4). A key requirement here is that section 362(b)(4)'s exception to the automatic stay applies to governmental units or organizations. For example, when the EEOC brought "claims under the ADA for injunctive and monetary relief in the course of exercising its police or regulatory powers… it [was] not subject to the automatic stay." *EEOC v. Krystal*, 615 B.R. 332, 335 (N.D. Ga. 2020). There, the court found that because the "EEOC acts…to vindicate the public interest in preventing employment discrimination," the exception was applicable. *EEOC v. Krystal Co.*, 615 B.R. 332, 334 (N.D. Ga. 2020) (*citing Gen. Tel. Co. v. EEOC*, 446 U.S. 318, 326 (1980)). Plumeria, a private creditor, is not a governmental unit or organization, nor has there been any allegation that enforcement of the contempt order was a vindication of any public interest.

When evaluating whether enforcement of a contempt order postpetition violates the automatic stay, bankruptcy courts look at the nature of the contempt order to determine whether enforcement falls into the police power exception. "To make this determination, a bankruptcy court must look at the totality of the circumstances." *In re Valentine*, 611 B.R. 622, 634 (Bankr. E.D. Mo. 2020) (internal citations omitted). Bankruptcy courts are "specialized courts, well versed in the application of the automatic stay, and [they] must have authority to review a state court's determination of whether the stay applies in order for a debtor to have the full protection of the automatic stay as provided for in the Bankruptcy Code." *In re Goodson*, No. 17-41820-JJR, 2018 WL 722461, at *11 (Bankr. N.D. Ala. Feb. 5, 2018). Additionally, "the state court's label is not binding on the bankruptcy court's ability to determine the true nature of state-court contempt proceedings, and what impact the automatic stay has upon those proceeding." *Goodson*, 2018 WL at *9.

This Court has not seen the underlying contempt order, nor have the parties alleged the facts and circumstances surrounding the underlying the contempt order. The Court cannot, therefore, evaluate at this stage the totality of the circumstances surrounding the contempt order to determine whether the police power exception applies. And again, Myers has pled facts sufficient to survive a motion to dismiss.

## IV. Conclusion

Myers has alleged facts sufficient to support a plausible claim that Plumeria violated the automatic stay by failing to act to prevent her arrest postpetition. Plumeria's Motion to Dismiss for failure to state a claim will therefore be denied. Accordingly, it is

**ORDERED** that the Motion to Dismiss (Doc. 4) is **DENIED**.

The Clerk's Office is directed to serve a copy of this Order upon Myers, Myers' Counsel,

Plumeria, Plumeria's Counsel, and other Defendants.

**END OF DOCUMENT**